1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN DOE,                              Case No.  2:25-cv-2086-TLN-JDP (PS)

12                  Plaintiff,

13          v.                              ORDER; FINDINGS AND
                                            RECOMMENDATIONS
14   DONALD J. TRUMP,

15                  Defendant.

16

17          Plaintiff, proceeding without counsel, commenced this action by filing a complaint

18   together with motions to proceed under a pseudonym and for a temporary restraining order.  ECF

19   Nos. 2 & 3.  Each of plaintiff's motions are inadequately supported.  Accordingly, I will deny his

20   motions to proceed under a pseudonym, and I will recommend that his motion for a temporary

21   restraining order be denied.

22                          **Motion Proceed Under a Pseudonym**

23          Plaintiff has not shown that allowing him to proceed under a pseudonym is appropriate

24   under the applicable standards.

25          "As a general rule, 'the identity of the parties in any action, civil or criminal, should not

26   be concealed except in an unusual case, where there is a need for the cloak of anonymity.'"
     *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (quoting *United States v. Doe*, 488
27
     F.3d 1154, 1156 n.1 (9th Cir. 2007)).  A court may authorize a party to use a pseudonym "in the
28

                                                1

1  unusual case when nondisclosure of the party's identity is necessary to protect a person from

2  harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile*

3  *Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000).

4        Plaintiff argues that he should be permitted to proceed under a pseudonym because

5  defendant has a history of targeting, defaming, and harassing his opponents and defendant's

6  supporters might target him.  ECF No. 2 at 1.  Plaintiff's conclusory statements do not provide an

7  adequate justification for allowing him to proceed under a pseudonym.  He fails to describe how

8  he will be harmed if his legal name is publicly disclosed.  Accordingly, his motion to proceed

9  under a pseudonym is denied without prejudice.

10                    **Motion for a Temporary Restraining Order**

11       Plaintiff has filed a motion for a temporary restraining order that asks the court to prohibit

12 U.S. President Trump from filing a retaliatory lawsuit against him, defaming or slandering him,

13 declaring him an enemy of the United States, and sending him to a concentration camp.  ECF No.

14 3.

15       A temporary restraining order, as with any preliminary injunctive relief, is an

16 extraordinary remedy that is never awarded as of right.  *See Winter v. Natural Res. Def. Council,*

17 *Inc.*, 555 U.S. 7, 24 (2008).  The standards that govern temporary restraining orders are

18 "substantially similar" to those that govern preliminary injunctions.  *Washington v. Trump*, 847

19 F.3d 1151, 1159 n.3 (9th Cir. 2017).  To obtain injunctive relief, plaintiff must show

20 (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of

21 preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in

22 the public interest.  *Winter*, 555 U.S. at 20.  "The first factor under Winter is the most

23 important—likely success on the merits."  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir.

24 2015).

25       The Eastern District of California's Local Rules impose specific requirements on

26 temporary restraining orders.  Local Rule 231 requires "actual notice to the affected party and/or

27 counsel" except in "the most extraordinary of circumstances."  L.R. 231(a).  "Appropriate notice

28 would inform the affected party and/or counsel of the intention to seek a temporary restraining

2

1     order, the date and time for hearing to be requested of the [c]ourt, and the nature of the relief to be

2     requested." *Id*.

3         Under Federal Rule of Civil Procedure 65(b)(1), a court may issue a temporary restraining

4     order without written or oral notice to the adverse party only if:

5           (A) specific facts in an affidavit or a verified complaint clearly

6           show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in

7           opposition; and

8           (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

9     Fed. R. Civ. P. 65(b)(1). Further, Local Rule 231 requires the court to consider "whether the

10     applicant could have sought relief by motion for preliminary injunction at an earlier date without

11     the necessity for seeking last-minute relief by motion for temporary restraining order." L.R.

12     231(b). If the court finds that there was undue delay in seeking injunctive relief, the court may

13     deny the requested temporary restraining order on those grounds alone. *Id.*

14         Plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 65(b)(1) or

15     Local Rule 231. Courts regularly deny temporary restraining orders where movants fail to

16     comply with procedural requirements, including where the movants are *pro se* plaintiffs. *See*

17     *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (discussing Federal

18     Rule of Civil Procedure 65 and noting that "courts have recognized very few circumstances

19     justifying the issuance of an *ex parte* [temporary restraining order]"); *Abdel-Malak v. Doe*, No.

20     5:20-cv-00322-CJC-KK, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying temporary

21     restraining order sought by *pro se* plaintiff for failure to satisfy Rule 65(b)'s "strict

22     requirements"); *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012)

23     ("Denial of a motion as the result of a failure to comply with local rules is well within a district

24     court's discretion.").

25         Plaintiff did not provide President Trump with actual notice of the pending motion for a

26     temporary restraining order. *See* ECF No. 3 at 8. Further, plaintiff neither attached a proof of

27     service to the motion nor provided an affidavit detailing notice or describing the efforts

28     undertaken to effect notice. *See* L.R. 231(c)(5). Plaintiff has not demonstrated extraordinary

1    circumstances warrant the issuance of a temporary restraining order in the absence of actual

2    notice.  L.R. 231(a).  While plaintiff's motion is procedurally deficient and could be denied on

3    those grounds alone, I will address the merits of the motion.

4            Plaintiff's motion for a temporary restraining order should be denied because he fails to

5    show that he is likely to succeed on the merits of his claims.  Plaintiff alleges that Trump is

6    ineligible to be President because has been elected three times, including in 2020 by Trump's

7    own admission, which violates the Twenty-Second Amendment.  ECF No. 1 at 5.  Plaintiff's

8    requested relief is for Trump to be removed from office.  *Id.* at 6.

9            The Twenty-Second Amendment states that "[n]o person shall be elected to the office of

10   the President more than twice."  U.S. Const. amend. XXII.  Trump was elected President in 2016

11   and 2024.  In 2020, Joe Biden was elected President.  While plaintiff alleges that Trump was

12   elected President in 2020, that allegation is patently false and plaintiff's claim that Trump is

13   violating the Twenty-Second Amendment is unlikely to succeed on the merits.

14           Accordingly, it is hereby ORDERED that plaintiff's motion to proceed under a

15   pseudonym, ECF No. 2, is DENIED without prejudice.

16           Further, it is RECOMMENDED that plaintiff's motion for a temporary restraining order,

17   ECF No. 3, be DENIED.

18           These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

20   service of these findings and recommendations, any party may file written objections with the

21   court and serve a copy on all parties.  Any such document should be captioned "Objections to

22   Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

23   within fourteen days of service of the objections.  The parties are advised that failure to file

24   objections within the specified time may waive the right to appeal the District Court's order.  *See*

25   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

26   1991).

27

28

IT IS SO ORDERED.


Dated:    July 29, 2025    

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE