UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD J. TRUMP,<br><br>    Defendants. | No. 2:25-cv-02086-TLN-JDP<br><br>**ORDER** |

      This matter is before the Court on Plaintiff John Doe's ("Plaintiff") Motion for Reconsideration of the magistrate judge's July 29, 2025, order denying Plaintiff's motion to proceed under a pseudonym (ECF No. 9.)  For the reasons set forth below, the Court DENIES Plaintiff's Motion for Reconsideration.

///

///

///

///

///

///

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action on July 25, 2025. (ECF No. 1.) In conjunction, Plaintiff also filed a Motion to Proceed Under a Pseudonym, (ECF No. 2), and a Motion for a Temporary Restraining Order ("TRO") (ECF No. 3). On July 29, 2025, the magistrate judge filed an order denying Plaintiff's motion to proceed under a pseudonym without prejudice and recommended Plaintiff's TRO be denied. (ECF No. 4.) On August 28, 2025, this Court adopted the magistrate judge's findings and recommendations and denied Plaintiff's TRO. (ECF No. 8.) Plaintiff subsequently filed the instant motion for reconsideration of the magistrate judge's denial of Plaintiff's motion to proceed under a pseudonym. (ECF No. 9.)

### II. STANDARD OF LAW

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(f). "A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision." *Martinez v. Lawless*, No. 1:12-CV-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)).

Under the "clearly erroneous" standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the 'definite and firm conviction that a mistake has been committed.'" *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quoting *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992)). "Thus, review under the 'clearly erroneous' standard is significantly deferential.'" *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). "A [m]agistrate [j]udge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-CV-00156-LJO-MJ, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (citation omitted).

### III.  ANALYSIS

Plaintiff seeks reconsideration of the magistrate judge's order denying Plaintiff's motion to use a pseudonym.[1] (ECF No. 9.) Plaintiff argues granting the use of a pseudonym would not burden Defendant and would prevent Plaintiff from experiencing "untold suffering." (ECF No. 9 at 3.) However, Plaintiff presents no arguments suggesting reconsideration is warranted under Federal Rule of Civil Procedure ("Rule") 72(a). While the Court recognizes Plaintiff has highlighted many instances of Defendant's alleged "tendencies for revenge," these assertions do not establish the magistrate judge's order was clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Plaintiff's mere disagreement with the magistrate judge's decision does not warrant reconsideration. *See Martinez v. Lawless*, No. 1:12-CV-01301-LJO-SKO, 2015 WL 5732549, at *2 (E.D. Cal. Sept. 29, 2015). Absent further argument and upon review of the entire file, the Court finds the magistrate judge's ruling was not clearly erroneous or contrary to law. Accordingly, Plaintiff's Motion is DENIED.

### IV.  CONCLUSION

In sum, the Court finds no clear error or holding contrary to law. Plaintiff's Motion for Reconsideration, (ECF No. 9), is DENIED.

Date: November 10, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff does not contest this Court's denial of Plaintiff's TRO. (ECF No. 9 at 4.)

3