UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS WILSON,

Plaintiff,

v.

DONALD J. TRUMP,

Defendant.

Case No.  2:25-cv-2086-TLN-JDP (PS)

ORDER TO SHOW CAUSE

In July 2025, plaintiff filed this action against defendant President Donald J. Trump.  To date, defendant has not appeared in this action.  On February 19, 2026, after plaintiff initially failed to file a proof of service demonstrating that defendant was properly served, the court ordered plaintiff to show cause why this action should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m).  ECF No. 19 *see* Fed. R. Civ. P. 4(l). In response, plaintiff notified the court that he was attempting to find a process server to assist him with completing service.  ECF No. 20.  More recently, he filed two proofs of service reflecting that he mailed defendant copies of the summons and complaint on both February 26 and March 23, 2026.  ECF Nos. 22 & 23.  These filings fail to demonstrate that defendant has been properly served.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."  *Direct Mail Specialists, Inc. v. Eclat Computerized*

1

*Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)).  To serve a United States officer, plaintiff "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to" the officer.  Fed. R. Civ. P. 4(i)(2).  To properly serve the United States, plaintiff is required to deliver a copy of the summons and complaint to the United States Attorney for the Eastern District of California and to also send, by registered or certified mail, copies of each to the Attorney General of the United States in Washington, D.C.  Fed. R. Civ. P. 4(i)(1).

Although plaintiff sent defendant by certified mail copies of the summons and complaint, there is no indication that he also sent copies of the same documents to the United States Attorney's office for this district and the Attorney General of the United States.

Accordingly, plaintiff has failed to demonstrate that he properly served each defendant.  Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id*.  Although a pro se litigants are generally afforded more latitude than one represented by counsel, a party's pro se status does not constitute "good cause" for failing to timely effect service.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that ignorance of service requirements does not constitute "good cause" for failure to timely effect service); *see also* E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").  Plaintiff will be ordered to show cause why this action should not be dismissed for failure to timely serve defendants.

Accordingly, it is hereby ORDERED that:

1. Plaintiff shall show cause within fourteen days from the date of this order why this action should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m).

2. Plaintiff is warned that failure to respond to this order will result in a recommendation that this action be dismissed without prejudice for failure to effect services of process.

3. The Clerk of Court is directed to change the case name to *Wilson v. Trump*, 2:25-cv-2086.

IT IS SO ORDERED.

Dated:    March 26, 2026                    _____
                                            JEREMY D. PETERSON
                                            UNITED STATES MAGISTRATE JUDGE

3