UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS WILSON,

Plaintiff,

v.

DONALD J. TRUMP,

Defendant.

Case No. 2:25-cv-2086-TLN-JDP (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff, proceeding pro se, brings this action against President Donald J. Trump, alleging that defendant has violated the Twenty-Second Amendment. Defendant moves to dismiss, and plaintiff moves to strike portions of defendant's motion and requests default judgment. For the reasons stated below, I recommend that defendant's motion be granted and that plaintiff's motion be denied.

**Motion to Dismiss**

Plaintiff's sole claim is that defendant has violated the Twenty-Second Amendment. ECF No. 1 at 5. This amendment states that "[n]o person shall be elected to the office of the President more than twice." U.S. Const. amend. XXII. As I previously stated in recommending that plaintiff's motion for a TRO be denied, "Trump was elected President in 2016 and 2024. In 2020, Joe Biden was elected President." *See* ECF No. 4 at 4. Defendant states as much in his motion to dismiss. *See* ECF No. 29-1 at 1. Plaintiff's only argument in opposition is that because

defendant has claimed that he "won the 2020 election," then defendant was elected President in 2020. *See* ECF No. 30 at 1. However, as defendant acknowledges, he has made "public statements expressing disagreement with, criticism of, [and] skepticism about the 2020 election." ECF No. 31 at 1. Such statements do not support the finding that defendant was elected President in 2020. On the contrary, Joe Biden was elected in 2020 and served that presidential term.

Accordingly, the complaint should be dismissed with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

**Motion for Default Judgment**

Plaintiff has filed a motion to strike portions of defendant's motion and requests default judgment. ECF No. 40. Regarding his motion to strike, plaintiff "request[s] that any language in the defense council's [sic] filings suggesting that Joe Biden won the 2020 election be stricken from the record immediately." *Id*. at 6. However, under Rule 12(f), only pleadings can be stricken. Fed. R. Civ. P. 12(f) ("The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added). A motion is not a pleading. *See* Fed. R. Civ. P. 7(a) (defining pleadings without reference to motions); *id*. 7(b) (defining motions separately from pleadings). Plaintiff cites no authority allowing the court to strike portions of defendant's motion. As such, plaintiff's motion as to his request to strike is procedurally improper. *See Sidney-Vinstein v. A.H. Robins*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of [Rule 12(f) ], only pleadings are subject to motions to strike.").

As for plaintiff's request for default judgment, Rule 55 requires a two-step process: (1) seeking entry of default from the clerk of the court; and (2) filing a motion for default judgment before the district court. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (recognizing "two-step process" required by Rule 55); *see Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (discussing difference between entry of default and default judgment). Here, the Clerk of Court has not entered default against defendant. When the Clerk has not entered default against a defendant, a motion for default judgment against that defendant

is improper. *See Marty v. Green*, No. 2:10-cv-1823 KJM-KJN (PS), 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011) (denying motion for default judgment where the plaintiff did not first seek entry of default from the Clerk of the Court). As such, plaintiff's motion as to his request for default judgment is procedurally improper.

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 29, be GRANTED with prejudice.
2. Plaintiff's motion to strike and request for default judgment, ECF No. 40, be DENIED.
3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 8, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE